UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UA LOCAL 342 JOINT LABOR-MANAGEMENT COMMITTEE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROEBER'S, INC, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-04225 LB<br><br>**ORDER DENYING PLAINTIFFS' "ADMINISTRATIVE MOTION FOR APPLICATION FOR ORDER FOR SALE OF DWELLING"**<br><br>[Re: ECF No. 38] |

**INTRODUCTION**

Plaintiffs sued Defendants to collect unpaid contributions found owing to a multi-employer benefit plan. Pursuant to the parties' stipulation, the court entered judgment against one of the defendants. Plaintiffs now ask the court to issue an order allowing that defendant's real property to be forcibly sold to cover the remaining amount he owes on the judgment. For the reasons stated below, the court **DENIES** Plaintiffs' Application.

**STATEMENT**

On August 26, 2011, Plaintiffs filed in this court an ERISA action against Defendants Roeber's, Inc. and John Roeber. Complaint, ECF No. 1. The parties agreed to settle the action during a settlement conference on May 21, 2012, Minute Entry, ECF No. 27, and a few days later the court entered the parties' stipulated judgment and closed the case, Entered Stipulated Judgment, ECF No. 29. The stipulated judgment was in favor of Plaintiffs and against Mr. Roeber in the amount of

$170,000. *Id.*

On October 1, 2013, Plaintiffs filed in this court an "Administrative Motion for Application for Order for Sale of Dwelling." Application, ECF No. 38. In short, Plaintiffs would like an order from this court allowing Mr. Roeber's real property to be forcibly sold to cover the approximately $83,000 (plus daily interest) that he apparently still owes on the judgment against him. *See generally id.* Defendants oppose the application, arguing that California's "homestead exemption" applies and that, even if the real property is sold, Plaintiffs will not receive any money from the sale because at its present market value only lienholders senior to Plaintiffs would be paid. Opposition, ECF No. 39.

The real property at issue is a dwelling located in Tahoe Vista, California. *See* Application, ECF No. 38 at 2. Tahoe Vista, California is located in Placer County, California.

**ANALYSIS**

**I. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 69, a money judgment must be enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). The writ process is governed by the law of the state where the presiding court is located. *Id.*

In California, once a court has entered a money judgment, the court clerk must issue a writ of execution upon application of the judgment creditor. *See* Cal. Civ. Proc. Code § 699.510(a). In most cases, the issuance of the writ is a ministerial act which the clerk has no discretion to refuse. *See In re Marriage of Farner*, 216 Cal. App. 3d 1370, 1376 (1989). Judicial action is only required if the judgment is conditional, or if there is some question regarding the value of the judgment. *See id.*

Special rules apply when the judgment creditor seeks the forced sale of a dwelling. *See* AHART, CAL. PRAC. GUIDE: ENFORCING JUDGMENTS AND DEBTS §§ 6:756-6:810 (The Rutter Group 2013). Under the so-called homestead exemption, the judgment creditor must obtain a writ of execution and have it executed by the appropriate levying officer. *See* Cal. Civ. Proc. Code § 704.750(a). Only then may the creditor move for a court-ordered sale. *Id.*; *see also In re Marriage of Schenck*, 228 Cal. App. 3d 1474, 1477-78 (1991). The motion for sale must be heard in the county where the

1  dwelling is located. *See* Cal. Civ. Proc. Code § 704.750(b)(1).

**II. APPLICATION**

Plaintiffs have failed to follow the proper procedure for obtaining the court-ordered sale of a dwelling. Although it appears that Plaintiffs have obtained a valid writ of execution, this court—sitting in the Northern District of California—lacks jurisdiction over property located in Placer County. *See Xu v. Ip*, No. CV-91-01178-DLJ, 2008 WL 4534276, at *1 (N.D. Cal. Oct. 7, 2008) (denying application for an order for the sale of real property located in Los Angeles County). As stated above, California Civil Procedure Code § 704.750(b)(1) requires Plaintiffs to "apply to the superior court of the county where the dwelling is located" for a motion for sale. *See also* AHART, CAL. PRAC. GUIDE: ENFORCING JUDGMENTS AND DEBTS § 6:764 (The Rutter Group 2013). This also means that this court is not the proper venue to engage in argument about whether the homestead exception applies to the real property at issue or whether its sale may be completed in light of the senior liens on it. *See id.*

**CONCLUSION**

For the foregoing reasons, the court **DENIES** Plaintiffs' Application.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge